Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rita Mae Ortiz, guardian ad litem for R.O., a minor child,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>Golden Lion Restaurant, Inc.,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Rita Mae Ortiz ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Golden Lion Restaurant, Inc. ("Defendant") for unlawfully and intentionally discriminating against R.O., her daughter, because of her daughter's disability and denying R.O. equal access to the Kim Su restaurant located at 10530 Bolsa Avenue in Westminster, California.

## PARTIES

1.　R.O. is a natural person and under 18 years old. At all times relevant to this Complaint, R.O. is and has been considered disabled.

2.　Defendant is a California corporation with its principal place of business in Orange County, California.

3.　At all times relevant to this complaint, Defendant conducted business in the State of

California. At all relevant times, Defendant owned and operated, and did businesses as, the Kim Su restaurant located at 10530 Bolsa Avenue in Westminster, California.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq.

5. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Kim Su is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

7. R.O. suffers from a disability, and/or medical conditions that is a disability.

8. R.O. suffers from among other things, epilepsy, which causes frequent seizures.

9. R.O. symptoms limit, some substantially, Plaintiff's major life activities.

10. R.O. utilizes a service animal to help address the challenges resulting from the disability.

11. R.O.'s service animal is trained in specific tasks to assist R.O. and with the symptoms of her disability, including alerting R.O. and others to the onset of seizures and to comfort R.O. throughout her episodes.

12. R.O. takes her service animal everywhere with her in public because R.O. cannot predict when a potential seizure episode will occur.

13. On June 14, 2022, R.O. visited Kim Su with her mother, Plaintiff.

14. While visiting Kim Su, R.O. was accompanied by her service animal.

15. R.O.'s service animal was wearing a vest and collar that identified the service animal as a service animal.

16. Upon being seated, a server, an employee/agent of Defendant, told R.O. and her mother, Plaintiff, that no animals were allowed in the restaurant.

17. Another employee/agent of Defendant, a manager of the restaurant, reiterated to R.O.

and her mother that no animals were allowed in the restaurant.

18. Plaintiff explained that R.O.'s service animal was a service animal, which should have been obvious because of the collar and vest.

19. Nonetheless, Defendant's employees/agents continued to harass Plaintiff and R.O. regarding the presence of R.O.'s service animal.

20. Only after considerable effort did Defendant's employees/agents relent and allow R.O. to stay in the restaurant with her service animal, but they required R.O. and Plaintiff to sit in a far deserted corner of the restaurant to hide the presence of the service animal.

21. R.O. was embarrassed and stressed by the ordeal.

22. R.O. and Plaintiff would like to return in the future after the Defendant ceases its discriminatory conduct and has taken steps to prevent the same incident, which should include appropriate training of its employees/agents. Kim Su is a highly regarded dim sum restaurant, which is a favorite type of restaurant that R.O. and her mother enjoy together.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

23. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

24. Title III of the ADA bans disability discrimination against an individual in places of public accommodation. The ADA states that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

25. The Kim Su is a public accommodation.

26. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

27. Defendant has a policy that restricts and denies access to R.O. and patrons like R.O..

28. Defendant's conduct knowingly and willfully excluded R.O. from equal access to their public accommodation that the general public is invited.

29. As a result of Defendant's conduct, denying R.O. equal access to Kim Su, R.O. faces continuing discrimination. R.O. continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should R.O. attempt to return to Kim Su.

30. It is readily achievable for Defendant to provide R.O. and other disabled people like R.O. full and equal access to Kim Su.

31. Defendant does not have any legitimate business justification to excuse the denial of R.O.'s equal access.

32. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. R.O. is a qualified disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing R.O. will be subjected to such discrimination each time that R.O. may use the property and premises, or attempt to patronize Kim Su, in light of Defendant's conduct.

33. Defendant's acts have proximately caused and will continue to cause irreparable injury to R.O. if not enjoined by this Court.

34. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Denial of Full and Equal Access to Public Facilities in a Public Accommodation

Civ. Code §§ 54 *et seq*.

35. Plaintiff incorporates all prior paragraphs as if fully stated herein.

36. The Kim Su is a public accommodation that Defendant owns and operates.

37. Defendant denied and interfered with R.O.'s ability to access Kim Su.

38. Plaintiff prays for injunctive relief that prohibits the acts complained of herein, which have the effect of wrongfully excluding R.O. and other members of the public who are disabled from full and equal access to these public facilities. Such acts and omissions are the cause of mental and emotional suffering for R.O..

39. R.O. wishes to return to patronize Kim Su but is substantially deterred from returning to use these facilities and services, because the lack of access and the significant policy barriers will foreseeably cause R.O. further difficulty, discomfort and embarrassment, and R.O. is unable, so long as such acts and omissions of Defendant continues, to achieve equal access to and use of these public facilities.

40. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

41. As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning and operating Kim Su, R.O. has suffered a violation of civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries.

42. Defendant's actions and omissions to act constitute discrimination against R.O. on the basis that R.O. was and is disabled and unable, because of the policy barriers created and/or maintained by the Defendant in violation of the subject laws, to use the facilities on a full and equal basis as other persons.

43. R.O. has been damaged by Defendant's wrongful conduct.

44. At all times herein mentioned, Defendant was fully aware that significant numbers of potential users of the public facilities were, are, and will be disabled persons, and would have need of facilities that complied with California Title 24 and ADA Standards for Accessible Design standards for accessible facilities.

45. Despite this knowledge, Defendant installed and maintained the policy barriers complained of, have failed to remove these unlawful policies, and have failed to provide and maintain

properly accessible facilities, including but not limited to those previously noted, as required by state and federal law.

46. R.O. believes Defendant has ignored complaints about the lack of proper disabled access by other disabled persons.

47. Defendant has continued its illegal and discriminatory practices despite actual knowledge that persons with disabilities may attempt to patronize the Kim Su and encounter illegal policy barriers which deny them full and equal access when they do.

48. At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that its practices at the Kim Su violated disabled access requirements and standards, and would have a discriminatory effect upon R.O. and upon other disabled persons, but Defendant has failed to rectify the violations, and presently continues a course of conduct of maintaining policy barriers that discriminate against R.O. and similarly situated disabled persons. For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

49. Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA, Defendant's behavior was intentional. Plaintiff believes Defendant was aware and/or were made aware of its duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint. Defendant's establishment of their discriminatory policy denying access to disabled persons to safely have full and equal access to the Kim Su, and their implementation of such a discriminatory policy against R.O., indicate actual and implied malice toward R.O. and conscious disregard for R.O.'s rights.

50. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

51. R.O. suffered damages as described as a result of Defendant's violations. Damages are ongoing. R.O. remains hesitant and apprehensive about returning to the Kim Su. Plaintiff seeks the

relief that is afforded by Civil Code sections 54, 54.1, and 54.3, including treble damages.

## THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

52. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

53. As described above, Defendant intentionally discriminated against R.O., denying R.O. full and equal access to the Kim Su restaurant.

54. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

55. Defendant's acts and omissions as specified with regard to the discriminatory treatment of R.O., on the basis of R.O.'s disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to R.O.'s right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

56. R.O. was harmed.

57. Defendant's conduct was a substantial factor in causing R.O.'s harm.

58. As a result of the violation of R.O.'s civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

59. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease their discrimination of disabled persons and remove all accessibility policy barriers that relate to R.O.'s disability;

2. Damages including actual damages and at least a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54, Code of Civil

1  Procedure section 1021.5, and/or any other applicable statute, as well as expenses, and costs of suit;

2      4.    Other relief that the court deems appropriate.

3  Dated: August 11, 2022                          Law Office of Rick Morin, PC

*/s/ Rick Morin*

_____
Richard Morin
Attorney for Plaintiff